# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEREMIAH DAVID HERSHEY,** | : | **CIVIL ACTION** |
| *Petitioner, pro se,* | : | |
| | : | **NO. 24-6836** |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT TERRA,** *et al.,* | : | |
| *Respondents.* | : | |

## O R D E R

**AND NOW,** this 29th day of October 2025, upon consideration of the Petitioner Jermiah David Hershey ("Petitioner") *pro se petition for writ of habeas corpus under 28 U.S.C. § 2254*, (ECF 1), the Commonwealth's response in opposition thereto, (ECF 15), the documents and exhibits filed, and the *Report and Recommendation* issued by United States Magistrate Judge Caroline Goldner Cinquanto, (the "Magistrate Judge"), (ECF 16), to which no objections were filed, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED AND ADOPTED**;[1]

---

[1] On October 6, 2025, the Magistrate Judge submitted a Report and Recommendation ("R&R"), in which she recommended that the *habeas* petition be dismissed as moot, untimely, procedurally defaulted, and meritless. (ECF 16 at p. 16). As of the date of this Order, Petitioner has not filed any objections and the time to do so has expired. If there are no objections to the R&R, or when reviewing those portions of the R&R to which no objections are directed, this Court, as a matter of good practice, satisfies itself that "there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While this statutory provision [28 U.S.C. § 636(b)(1)(C)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it . . . the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."). Acting as an appellate court reviewing the R&R, in the absence of any objections, this Court's review of the R&R is made under the "plain error" standard. *See Facyson v. Barnhart*, 2003 WL 22436274, at *2 (E.D. Pa. May 30, 2003). Under this plain error standard of review, an R&R should only be rejected if the magistrate judge commits an error that was "(1) clear or obvious, (2) affect[ed] 'substantial rights,' and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings." *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007) (internal quotations and citations omitted). Here, after an independent review of the record and the R&R, this Court finds no error was committed by the Magistrate Judge and, therefore, approves and adopts the R&R in its entirety.

2. Petitioner's petition for writ of *habeas corpus* is **DISMISSED**, without the need for an evidentiary hearing; and

3. No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court shall mark this matter **CLOSED.**

                                **BY THE COURT:**

                                /s/ *Nitza I. Quiñones Alejandro*
                                **NITZA I. QUIÑONES ALEJANDRO**
                                *Judge, United States District Court*

---

[2] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action. Further, Petitioner has not made a substantial showing of the denial of any constitutional right, nor demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Under these circumstances, there is no basis for the issuance of a certificate of appealability.